```
                                                          FILED
                                                   U.S. DISTRICT COURT
                                                 EASTERN DISTRICT ARKANSAS
            IN THE UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF ARKANSAS          AUG 0 2 2005
                      WESTERN DIVISION
                                                 JAMES W. McCORMACK, CLERK
                                                 By:_____
                                                              DEP CLERK
```

AMERICAN FEDERATION OF STATE,
COUNTY, AND MUNICIPAL EMPLOYEES,
LOCAL 2957; TERRY WHITE; BOBBY L.
ASHER; JOHN A. PARKS; AND BILL WYLLIA          PLAINTIFFS

V.                   CASE NO. 4:04-CV-492 (RSW)

CITY OF BENTON, ARKANSAS;
DOUG STRACENER, ALDERMAN;
PHILLIP MONTALVO, ALDERMAN;
KARLA J. HALEY, ALDERMAN;
WILLIE FLOYD, ALDERMAN;
RAY FREEMEN, ALDERMAN;
LEROY ALLEN, ALDERMAN;
ANN HALL, ALDERMAN; ROBIN BERRY,
ALDERMAN; CLAUDINE RAMSEY, ALDERMAN;
CHARLES CUNINGHAM, ALDERMAN; AND
RICK HOLLAND, MAYOR OF THE CITY
OF BENTON, ARKANSAS                             DEFENDANTS

## MEMORANDUM AND ORDER

### I. INTRODUCTION

Before the Court is defendants' Motion to Dismiss (doc. #2) and plaintiffs' Motion for Judgment on the Pleadings (doc. #10). As discussed below, the defendants' Motion to Dismiss is **DENIED**, and the plaintiffs' Motion for Judgment on the Pleadings is **GRANTED IN PART AND DENIED IN PART**.

### II. BACKGROUND

The plaintiff, American Federation of State, County, and Municipal Employees, Local 2957 ("the Union"), is a labor union recognized as the collective bargaining representative of the City of Benton employees. Plaintiff Terry White is the current

1

president of the Union and is an employee of the City of Benton. Plaintiffs Bobby L. Asher, John A. Parks, and Bill Wyllia are retired employees of the City of Benton, currently receiving health insurance from the City of Benton during retirement. Defendants are the City of Benton, Arkansas ("the City") and the City's Alderman, named in their official capacities as members of the City Council.

Since 1976, the Union has had a collective bargaining agreement with the City covering non-uniform employees of the City of Benton. The parties entered into the current Collective Bargaining Agreement on June 14, 2002. The Agreement established rates of pay, hours of work, and other conditions of employment. Specifically, the Agreement provided for fourteen paid holidays. In September of 2003, the City Council passed an ordinance providing for eleven paid holidays instead of fourteen. The City has refused to arbitrate the dispute over holiday pay. In addition, the Agreement provided for various types of insurance for employees after retirement. In March of 2004, the City Council passed a motion terminating insurance for the City's retired employees.

The plaintiffs filed a complaint in May of 2004, asking the Court to enjoin the defendants from enforcing the ordinance and motion passed by the City Council that breached the Collective Bargaining Agreement with the Union. The plaintiffs argue that the City Council's actions impair the Collective Bargaining Agreement in violation of the Contract Clause of the United

2

States Constitution. The defendants contend that the Agreement in question is null and void and therefore the City Council's actions could not impair an invalid contract. The defendants set forth multiple reasons why the Agreement is unenforceable. The Court will address each contention in turn.

### III. DISCUSSION

When considering a motion to dismiss, the Court must assume that all facts alleged in the complaint are true and construe the complaint in a light most favorable to the plaintiff. Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). The motion should be granted only if the plaintiffs can prove no set of facts that would entitle them to relief. Id.

Jurisdiction over Count One of the Complaint exists pursuant to 28 U.S.C. § 1331, as this is a civil action arising under the Constitution of the United States. The constitutional question in this case is whether the actions by the City Council impaired the Collective Bargaining Agreement in violation of the Contract Clause of the Constitution.

Article I, Section 10 of the Constitution provides, "No state shall . . . pass any . . . law impairing the obligation of contracts." The Contract Clause limits the power of states to modify their own contracts, as well as contracts between private parties. United States Trust Co. of N.Y. v. New Jersey, 431 U.S. 1, 17 (1977). When a state impairs its own obligations under a contract, the level of scrutiny is higher. Allied Structural Steel Co. v. Spannaus, 438 U.S. 234, 244 n.15 (1978). In any

3

Contract Clause case, the focus is "whether the state law has, in fact, operated as a substantial impairment of a contractual relationship." Energy Reserves Group, Inc. v. Kan. Power & Light Co., 459 U.S. 400, 411 (1983)(quoting Allied Structural Steel, 438 U.S. at 244).

Contract Clause analysis involves the following three steps: "(1) Does a contractual relationship exist, (2) does the change in the law impair that contractual relationship, and if so, (3) is the impairment substantial?" Honeywell, Inc. v. Minn. Life & Health Ins. Guar. Ass'n, 110 F.3d 547, 551 (8th Cir. 1997)(citing General Motors Corp. v. Romein, 503 U.S. 181, 186 (1992)). Therefore, the Court must first decide if a valid contractual relationship exists. See Morton v. Dardanelle Special School Dist. No. 15, 121 F.2d 423, 425 (8th Cir. 1941)(holding that there must be an enforceable contract right to be impaired for the Contract Clause to apply).

In this case, the contractual relationship in question was created by the City of Benton and the Union when they entered into a Collective Bargaining Agreement. There is no dispute that the City entered into the current collective bargaining agreement with the Union on June 14, 2002. The dispute involves whether the City Council had the power to enter into such an agreement with the Union in the first place. The defendants claim that the Agreement is unenforceable, and since the Agreement is unenforceable, the plaintiffs have no substantial rights to be

4

impaired.[1]

### A. Enforceability of Contract

Under amendment 34 to the Arkansas Constitution, municipal employees have the right to belong to labor unions. However, municipal employees do not have the right to strike against the government. City of Fort Smith v. Ark. State Council No. 38, 433 S.W.2d 153, 155 (Ark. 1968)(citing Potts v. Hay, 318 S.W.2d 826 ( Ark. 1958)). In addition, the City has "no duty to bargain collectively with its employees about wages, hours, or working conditions." Id. at 412.

In City of Fort Smith, the City sued to stop municipal employees from picketing. The court held that a city is not under a duty to engage in collective bargaining with the Union. The Court reasoned that under the Arkansas Constitution, municipal employees have the right to belong to the Union, but they do not have the right to strike against the government.

The fact that municipal employees have no recourse through striking does not make the collective bargaining agreement invalid. Whether or not a city could voluntarily engage in collective bargaining was not even directly before the court. In fact, the court pointed out that other jurisdictions have held that municipalities may voluntarily engage in collective bargaining. Id. at 413 (citing Chicago Div. of Educ. Ass'n v. Bd.

---

[1]The Court will look to Arkansas law to decide if the contract is enforceable.

5

of Educ., 76 Ill. App. 2d 456 (1966); Norwalk Teachers' Ass'n v. Bd. of Educ., 138 Conn. 269 (1951)).

What is evident from City of Fort Smith is that public employees do not have the same rights in collective bargaining as private employees; there must be statutory authority for the City Council to enter into collective bargaining agreements. See, e.g., Local 2238 of the Am. Fed'n of State, County & Municipal Employees v. Stratton, 769 P.2d 76, 80 (N.M. 1989)(citing expansive list of supporting authorities). The question becomes what type of statutory authority is necessary? Some jurisdictions have held that there must be specific, express legislation authorizing collective bargaining. See, e.g., Am. Fed'n of State, County & Municipal Employees, Council No. 95 v. Olson, 338 N.W.2d 97, 100 (N.D. 1983)(holding that the Commissioner did not have implied authority to enter an exclusive collective bargaining agreement between the Highway Department and the Union). However, other jurisdictions have recognized the implied power of a public body to enter into collective bargaining agreements. See, e.g., Littleton Ed. Ass'n v. Arapahoe County School Dist., No. 6, 553 P.2d 793, 796 (Colo. 1976)(holding that collective bargaining agreements in public sector are not invalid per se even though there is no express statutory authorization for the practice).

Generally, the power to fix the terms and conditions of public employment is a legislative function. State Bd. of Regents v. United Packing House Food & Allied Workers, Local No. 1258,

175 N.W.2d 110, 113-14 (Iowa 1970). In Arkansas, the City Council possesses all the legislative powers granted under statute and other corporate powers of the City not prohibited by statute or ordinance. Ark. Code Ann. § 14-43-502. Generally, the Home Rule Act grants the City Council the power to deal with "all matters and affairs of government germane to, affecting, or concerning the municipality or its government."[2] § 14-43-601. Specifically, "The city council . . . shall from time to time fix the number of employees and the salaries to be drawn by each, as well as the vacation and sick leave of employees, in the departments affected by this chapter."[3] § 14-50-307.

Having reviewed numerous authorities on the subject together with Arkansas statutory provisions, the Court concludes that the City had implied authority to enter into collective bargaining agreements with the Union. The Court sees no reason why the City Council could not enter into a voluntary contract with the Union as long as the terms of the contract were within the statutory authority of the Council.

---

[2] The Court is aware that the Home Rule Act defines collective bargaining as a "state affair." However, the City may exercise any function or legislative power upon state affairs if not in conflict with state law. Tompos v. City of Fayetteville, 658 S.W.2d 404, 407 (Ark. 1983)(quoting the Home Rule Act). The defendant admits that the Arkansas Legislature has not preempted collective bargaining with specific legislation. Therefore, if the City Council chooses to negotiate with the City's employees about salaries, vacation, etc., there is no statute forbidding it from doing so.

[3] The statute is referring to employees covered by the Civil Service System, which includes all non-uniformed employees.

It is evident from the cited statutes that the Arkansas Legislature has conferred upon the City an implied authority to collectively bargain incident to the above express grants of power. Section 14-50-307 specifically gives authority over employees' salaries and working conditions to the City Council. As the court stated in State Board of Regents:

> The power to hire employees, fix their salaries and wages, direct expenditures of money and to perform all other acts necessary and proper for the execution of the powers and duties conferred upon the Regents [City Council] carries with it the power and authority to confer and consult with representative of the employees in order to make its judgment as to wages and working conditions.

175 N.W.2d at 112. If the City Council decides in its discretion that collective bargaining is the best way to implement its power over employees' salaries and working conditions, it may do so. See Stratton, 769 P.2d at 83 (stating that the State Personnel Board "can select means to carry out its duties and responsibilities incidental to the sound development of employer-employee relations").

The defendant contends that such implementation of discretion is an unlawful delegation of legislative authority. The Court disagrees. Even though entering into a collective bargaining agreement does place certain responsibilities on the City, there is nothing saying that the City must give into the Union's demands in the first place. The ultimate power to decide whether to enter into a collective bargaining agreement remains

with the City Council; therefore, there can be no unlawful delegation of legislative authority. In sum, the Collective Bargaining Agreement entered into between the City and the Union was a proper exercise of the City Council's authority and therefore is a valid contract.

B.  **Impairment of Contractual Relationship**

Now that the Court has found that a contractual relationship exists, the question is whether the City Council's actions in question impaired that contractual relationship. In the Complaint, the plaintiffs claim that three separate acts of the City Council impaired the Collective Bargaining Agreement: (1) On or about September 13, 2003, the City Council passed Ordinance No. 33 of 2003, which provided for eleven paid holidays instead of fourteen; (2) pursuant to decision by the City Council on February 23, 2004, the City refused to arbitrate the dispute over holiday pay; and (3) on March 22, 2004, the City Council passed a motion terminating retirement insurance for its retired employees. As discussed below, Ordinance No. 33 of 2003 and the motion terminating retirement insurance impaired the contractual relationship, but the Council's decision not to arbitrate did not.

The Supreme Court has made a distinction between breach of contract and constitutional impairment of a contractual obligation. See St. Paul Gaslight Co. v. City of St. Paul, 181 U.S. 142, 149 (1901)(finding that an ordinance was merely the

method that the city used to breach the contract). A mere refusal to perform a contract by the City does not necessarily raise a constitutional issue. Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 311-12 (8th Cir. 1978).

In St. Paul Gaslight Co., the plaintiff had a contract with the City to provide lighting for the city using gas burning lamps. When electricity became prevalent, the City passed an ordinance that required the plaintiff to remove all of the gas street lamps in the portions of the City powered by electricity. The plaintiff sued the City under the Contract Clause, arguing that the passing of the ordinance was an unconstitutional impairment of their contract with the City. The Court disagreed and held that there was no constitutional issue presented. The Court reasoned that the passing of the ordinance was merely the City's way of breaching the contract.

In the present case, the decision of the City Council not to arbitrate the holiday disagreement is similar to what happened in St. Paul Gaslight Co. There was no attempt by the Council to use the law to repudiate a contractual obligation, it merely was expressing its decision not to arbitrate the disagreement as the Collective Bargaining Agreement called for. The City may have breached the contract by refusing to arbitrate; nevertheless, the City's refusal to arbitrate did not impair the contract between the plaintiffs and the City "in a constitutional sense." Jackson

Sawmill Co., Inc., 580 F.2d at 311.[4]

The City Council did impair the contract, however, by passing Ordinance No. 33 of 2003. The City Council adopted Ordinance No. 33, setting eleven official holidays instead of fourteen. This was a law of general application and was not necessarily applicable to a specific situation, like the decision not to arbitrate. The City Council passed a law and through enforcement of that law, precluded itself from fulfilling its obligation under the contract. See E & E Hauling, Inc. v. Forest Preserve Dist. of Du Page County, Ill., 613 F.2d 675, 679 (7th Cir. 1980)(stating that if a city passes a law and through enforcement of it prevents a party from fulfilling its obligation, the law has impaired the obligation of a contract). Therefore, by passing the Ordinance, the City Council impaired its obligation under the Collective Bargaining Agreement.

Also, the City Council's terminating of retirement insurance for its retired employees impaired its obligation under the Collective Bargaining Agreement, even though it was implemented by motion and not by ordinance. To fall under the Contract Clause, the City Council's action does not have to be in the form

---

[4]In addition, the Council's decision not to arbitrate is not considered to be a law under the Contract Clause. The motion was applicable only to a particular situation and did not possess the characteristics of a law of general application. See Contemporary Music Group, Inc. v. Chicago Park Dist., 343 F. Supp. 505, 508 (N.D. Ill. 1972)(finding a resolution adopted by park commissioners to not be a law).

of an ordinance. Williams v. Bruffy, 96 U.S. 176, 181 (1877); see also Northern Ohio Traction & Light Co. v. State of Ohio, 245 U.S. 574, 583-85 (1918)(holding that resolution of county commission was state action impairing an obligation of a contract). Any enactment to which the state gives the force of law, including an order made by the City Council exercising delegated authority, is a law of the state within the meaning of the Contract Clause. Bruffy, 96 U.S. at 181.

In the present case, the Council terminated retirees insurance by resolution, exercising its delegated legislative authority. As stated above, the Home Rule Act grants the City Council the power to deal with "all matters and affairs of government germane to, affecting, or concerning the municipality or its government." § 14-43-601. Specifically, the city council has the power fix the number of employees and the salaries to be drawn by each, as well as the vacation and sick leave of non-uniformed employees. § 14-50-307. By terminating the retirees' insurance through resolution, the Council was performing a legislative act covered by the Contract Clause. See Minneapolis St. Ry. Co. v. City of Minneapolis, 189 F. 445, 453 (D. Minn. 1911)(holding that resolutions of city were legislative acts); see also Thomson v. Thomson, 293 Ill. 584, 589 (1920)(holding that action must be by governmental instrumentality to which some part of the legislative power had been delegated by an act of the legislature).

C.  Is the Impairment Substantial?

Having established that the City Council impaired a contractual obligation, the Court must now turn to the extent of that impairment. Honeywell, Inc., 110 F.3d at 551. There are various factors to consider when looking at whether or not an impairment is substantial. Koster v. City of Davenport, 183 F.3d 763, 767 (8th Cir. 1999). These factors include "whether the impaired term was central to the contract, whether the impairment disrupts the parties' settled expectations, and whether the parties reasonably relied on the impaired right." Id. The impairment of the contractual relationship does not have to be total for there to be a violation. Equip. Mfr. Inst. v. Janklow, 300 F.3d 842, 854 (8th Cir. 2002).

There is no dispute that the Council's actions in question worked an impairment on the plaintiffs' contractual rights. In addition, there can be no dispute that these impairments were substantial. The instant case involves a contract that was voluntarily entered into by the City and its employees. The Collective Bargaining Agreement specifically states that the City shall provide fourteen paid holidays as well as life and retirement insurance. The City Council passed an ordinance reducing holidays to eleven and later eliminated retirement insurance for its retired employees.

The City repudiated an express promise that its retired employees have relied on. See Whirlpool Corp. v. Ritter, 929 F.2d

1318, 1322 (8th Cir. 1991)(stating that the Contract Clause was created to "enable individuals to order their personal and business affairs according to their particular needs and interests"); see also Equip. Mfr. Inst., 300 F.3d at 854 (stating, "This Court will consider the extent to which the parties' reasonable contract expectations have been disrupted to determine whether the impairment is substantial"). The City's retired employees are entitled to expect that their insurance would continue throughout retirement, as the Collective Bargaining Agreement called for. One of the primary purposes of the Collective Bargaining Agreement was to provide for the medical needs of an employee after retirement. The Council effectuated a fundamental change in those expectations. By disrupting this expectation, the City Council unreasonably and substantially impaired the City Employees' contract.

D.   Constitutionality of Impairment

Since the City's action constitutes a substantial impairment, the Court must now turn to the constitutionality of that impairment. United States Trust Co. of N.Y. v. New Jersey, 431 U.S. 1, 21 (1977). Not every contractual impairment by the State violates the Contract Clause. "[A]n impairment may be constitutional if it is reasonable and necessary to serve an important public purpose." Id. at 25-26. The Court will not give deference to the Council's assessment of reasonableness since the City is a party to the contract. Id. at 26.

14

The first inquiry is whether the City had a significant and legitimate public purpose behind the ordinances. Energy Reserves Group, Inc. v. Kan. Power & Light Co., 459 U.S. 400, 411 (1983). The next inquiry is "whether the adjustment of the rights and responsibilities of contracting parties is based upon reasonable conditions and is of a character appropriate to the public purpose justifying the legislation's adoption." Id. at 412.

In this case, the defendants do not set forth a specific purpose behind the ordinances in question. However, the ordinances eliminate substantial costs to the City by taking away three holidays from current employees and taking away health insurance from retired employees. Although the fiscal affairs of a City is a public interest, the ordinances passed by the City Council are not reasonable and necessary as a matter of public policy.

The City entered into a voluntary contract and accepted the benefits from it. It is completely unfair to allow the City to renege on its promise now. As Justice Blackmun stated in United States Trust, "A promise to pay, with a reserved right to deny or change the effect of the promise, is an absurdity." 431 U.S. at 25 n.23 (quoting Murray v. Charleston, 96 U.S. 432, 445 (1877)). If the Court allows the City to break its contracts whenever it wants to spend the money elsewhere, the Contract Clause would provide no protection at all. Id. at 26.

The defendants have failed to show that the passing of the

ordinance in question and the repeal of retired employees' insurance was reasonable and necessary to serve an important public purpose. The Court therefore holds that the Contract Clause of the United States Constitution prohibits the City from passing Ordinance No. 33 of 2003 and terminating retired employees' insurance by motion on March 22, 2004, both actions unconstitutionally impairing the June 14, 2002 Collective Bargaining Agreement. The question remains as to the proper remedy.

C. Proper Remedy

In their Motion for Judgment on the Pleadings, the plaintiffs move for the following: (1) a judgment declaring the acts of the Benton City Council unconstitutional, (2) an order for specific performance of the contract, (3) an order setting a hearing to determine the make-whole relief to which the third party beneficiaries are entitled, (4) an order that the defendants pay all costs of this proceeding, including reasonable attorneys' fees.

The plaintiffs have not clarified whether they are asserting their claim for damages, as compared to injunctive and declaratory relief, under the Contract Clause or under their state law claims. Either way, the plaintiffs are not entitled to damages for a violation of the Contract Clause; they are only entitled to declaratory and injunctive relief. Carter v. Greenhow, 114 U.S. 317, 322 (1885). In Carter, the Court

explained:

> That constitutional provision [Contract Clause], so far as it can be said to confer upon or secure to any person any individual rights, does so only indirectly and incidentally. It forbids the passage by the states of laws such as are described. If any such are nevertheless passed by the legislature of the state, they are unconstitutional, null, and void. In any judicial proceeding necessary to vindicate his rights under a contract affected by such legislation, the individual has a right to have a judicial determination declaring the nullity of the attempt to impair it obligations. This is the only right secured to him by that clause of the constitution.

Id. However, damages are available for breach of contract. E.g., Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 311-12 (8th Cir. 1978)(drawing distinction between breach of contract and impairment of the obligation of a contract). For instance, if the City Council were now unwilling to pay the plaintiffs their insurance benefits according to the terms of the Collective Bargaining Agreement, the plaintiffs would have a cause of action for damages for breach of contract.

Counts Two through Five of the Complaint are state law causes of action. This Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a), as the state law claims form part of the same case or controversy under Article III of the United States Constitution. However, the Court declines to rule on Counts Three, Four, and Five at this time. The plaintiffs' Motion for Judgment on the Pleadings is not sufficient on those claims. Issues remain as to the relief available to the plaintiffs under a breach of contract theory.

The parties may wish to file additional motions concerning the remaining counts or proceed to trial. In the alternative, the parties may wish to voluntarily dismiss the remaining state law claims and proceed in state court; that decision rests with the plaintiffs.

IV. **CONCLUSION**

The defendants' Motion to Dismiss is **DENIED**. The plaintiffs' Motion for Judgment on the Pleadings is **GRANTED AS TO COUNTS ONE AND TWO OF THE COMPLAINT AND DENIED AS TO COUNTS THREE, FOUR, AND FIVE**. The Court **HEREBY DECLARES** that Ordinance No. 33 of 2003 and the Council's resolution terminating retired employees' insurance by motion on March 22, 2004, violate the Contract Clause of the United States Constitution, both actions unconstitutionally impairing obligations under the June 14, 2002 Collective Bargaining Agreement. As far as the Ordinance and Resolution affect rights vested under the June 14, 2002 Collective Bargaining Agreement, they are **NULL AND VOID**.[5]

IT IS SO ORDERED, this 1st day of August, 2005.

                                     _____
                                     RODNEY S. WEBB, DISTRICT JUDGE
                                     UNITED STATES DISTRICT COURT

---

[5]The Collective Bargaining Agreement in question was set to expire on December 31, 2004. However, it automatically is renewed from year to year unless one of the parties gives notice of termination. The Record does not indicate if the Agreement is currently in effect or has been terminated.

18